```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
UNITED STATES OF AMERICA                                          :
                                                                  :
                    -v-                                           :   16-CR-387-9 (JMF)
                                                                  :
WILLIAM VASQUEZ-BAEZ,                                             :   MEMORANDUM OPINION
                                                                  :        AND ORDER
                    Defendant.                                    :
                                                                  :
------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On February 14, 2024, Defendant filed a motion, pursuant to 18 U.S.C. § 3582(c)(2), for a reduction of his sentence pursuant to Amendment 821 to the United States Sentencing Guidelines, which, as relevant here, added U.S.S.G. § 4C1.1, providing for a two-point offense level reduction for "zero point offenders." See ECF No. 896. Defendant is not eligible for a reduction, however, because the amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1.10(a)(2); see 18 U.S.C. § 3582(c)(2). That is the case here for multiple reasons. First, Section 4C.1 does not apply where, as here, the offense: involved the "use of violence or credible threats of violence," U.S.S.G. § 4C1.1(a)(3); "result[ed] in death or serious bodily injury," id. § 4C1.1(a)(4); or the defendant "possess[ed] . . . a firearm or other dangerous weapon . . . in connection with the offense," id. § 4C1.1(a)(7). Second, even if Defendant did qualify for a two-point reduction pursuant to the amendment, it would not alter his operative offense level, as his total offense level would still exceed 43 and thus would be treated as an offense level of 43. See U.S.S.G. Chapter 5, Pt. A, Note 2.

Accordingly, Defendants' motion must be and is DENIED as frivolous. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Memorandum

Opinion and Order would not be taken in good faith, and *in forma pauperis* status is thus denied.

*See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate ECF No. 896 and to mail a copy of this Memorandum Opinion and Order to:

>WILLIAM VASQUEZ-BAEZ
>Register No. 50426-096
>FCI Fort Dix
>Federal Correctional Institution
>P.O. BOX 2000
>Fort Dix, NJ  08640

SO ORDERED.

Dated: February 14, 2024
      New York, New York

_____
JESSE M. FURMAN
United States District Judge